IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES R. GETZ, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-623 (MN) |
| | ) |
| BOARD OF PAROLE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff Charles R. Getz, Jr. ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this Complaint pursuant to 42 U.S.C. § 1983. On April 10, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis* and assessed an initial partial filing fee. (D.I. 10). Unhappy with the order, Plaintiff filed a petition for a writ of mandamus in the United States Court of Appeals for the Third Circuit objecting to filing fees and moving to stay this Court's proceedings, which was denied by the Third Circuit on June 28, 2019. *See In re Getz*, C.A. No. 19-2036 (3d Cir. June 28, 2019). Plaintiff's petition for rehearing en banc was denied on July 31, 2019. *Id*. at Order entered July 31, 2019.

In light of the Third Circuit's June 28, 2019 Order, this Court entered an order on July 26, 2019 that denied Plaintiff's motion for stay of proceeding and ordered Plaintiff to complete, sign, and return to the Court the previously provided authorization form allowing the agency having custody of him to forward the initial partial fee owed and subsequent payments to the Clerk of Court. (D.I. 21). On August 7, 2019, Plaintiff filed a "request" that the July 26, 2019 order be rescinded, that I recuse myself, and for reassignment of the case to another judge. (*Id*.). The Court considers the letter/request as a combined motion for reconsideration and for recusal.

## II.    MOTION FOR RECONSIDERATION

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. DEL. LR 7.1.5.

Plaintiff has failed to demonstrate any of the necessary grounds to warrant reconsideration of the Court's July 26, 2019 Order. Plaintiff filed this lawsuit and, by statute, he is required to pay the filing fee. *See* 28 U.S.C. § 1914; 28 U.S.C. §§ 1915(a), (b). Plaintiff presents no grounds to warrant reconsideration.

## III. MOTION FOR RECUSAL

Plaintiff moves for my recusal because my "record of inmate litigation" causes Plaintiff concern about my impartiality. (D.I. 22 ¶ 7). Plaintiff has "no faith, trust or belief" that I will address or decide his case on its merits or accord him the due process to which he is entitled. (*Id*.).

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse herself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune." *Id*. at 555–56.

It is evident in reading Plaintiff's letter/motion that he takes exception to this Court's recent ruling and his displeasure with the filing fee order. He also expresses his displeasure with other decisions issued by me in cases not involving him. A reasonable, well-informed observer could not believe that my rulings were based on partiality, bias, or actual prejudice. Nor do my rulings demonstrate that I acted in any such manner when ruling in cases wherein Plaintiff is a party. After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question my impartiality. In light of the foregoing standard, and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455.

## IV. **CONCLUSION**

For the above reasons, the Court will deny Plaintiff's combined letter/motion for reconsideration (to rescind), motion for recusal, and motion to resubmit complaint and motions to a different judge. (D.I. 22).

An appropriate order will be entered.

August 23, 2019

_Maryellen Noreika_
The Honorable Maryellen Noreika
United States District Judge